## MacDONALD v. DOCTOR.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

LANDLORD AND TENANT (§ 184*)—LEASE—AGREEMENT FOR LEASE.

Where plaintiff made a deposit to secure a lease on an apartment, and received a memorandum, signed by defendant, reciting that fact and when the rent was to begin, the memorandum constituted at least an agreement to execute a lease, taking the case out of the statute of frauds, and plaintiff cannot recover his deposit, if in default, although defendant may recover arrears of rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Angus S. MacDonald against Emanuel Doctor. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Louis Boehm, of New York City, for appellant.
Ernest G. Budington, of New York City, for respondent.

BIJUR, J. Plaintiff sues to recover $30, deposited with the defendant under the following circumstances: Plaintiff examined an apartment owned by defendant with a view of renting the same. Thereupon the following paper was executed and delivered:

"New York, November 20, 1911.

"Received of Mr. Angus S. MacDonald $30 as a deposit (subject to conditions printed below) to secure the apartment on the sixth floor, five rooms of the house No. 530 Claremont Ave., rent to commence on December 1, 1911, and to be $60 per month. It is also agreed between the parties hereto that the balance of the first month's rent is to be paid and the lease from December 1, 1911, to September 30, 1912, to be signed before December 1, 1911, at 12 o'clock noon, or the above deposit is to become forfeited. The above deposit is accepted only upon the express condition that an inquiry into the general standing and character of the prospective tenant proves entirely satisfactory in every way to the landlord, or his agents, and said landlord and his agents reserve the right to refund any deposit made. E. Doctor, Agt."

On the back of the receipt the following was written:

"Repapering of apartment, painting, varnishing, and shellacking floors, shelves where necessary, and bathroom to be put in good condition. Telephone to be desk instrument; shades to be in good condition.
"E. Doctor, Agt."

It being apparent that no question of the statute of frauds enters into this case, this instrument evidences either a completed lease, or an agreement to execute a lease, upon all the terms of which both parties had agreed and which the defendant had signed by his authorized agent, and which the plaintiff had accepted (apart from any other considerations) by making a deposit thereon. So that, under the circumstances, plaintiff, being in default, was not entitled to recover, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant was entitled to recover upon his counterclaim for the balance of the rent due, if properly proved.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.